THE MAYAGÜEZ DRUG Co., Plaintiff and Appellee, v. UNITED STATES FIRE INSURANCE COMPANY, Defendant and Appellant.

No. 5143. Argued February 6, 1930.—Decided February 12, 1930.

J. Sabater, for appellant. Oscar Souffront, for appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The appellee herein moves us to dismiss the appeal and

in support of its motion it urges that the appeal was taken on April 8, 1929, but that the motion of the appellant electing the preparation by the stenographer of a transcript of the evidence was not filed until twenty-five days after that date, and, because of such election, the transcript of the record should have been filed in this court within thirty days from the entry of the notice of appeal. The said motion of the appellant bears a memorandum or indorsement signed by J. Durán Cruz, assistant clerk of the district court, to the effect that the motion was filed on May 3.

In opposing the above ground for dismissal the appellant asserts that its aforesaid motion was presented to the said assistant clerk of the trial court, on April 10; and its attorney states in an affidavit that on April 10 he prepared the motion, using for this purpose paper and a typewriter belonging to the court, and that on the same day he delivered the application to assistant clerk J. Durán Cruz. The appellant also submitted an affidavit of the assistant clerk in charge of the files, Nicolás Cancela, stating that he has examined the record of the case and that it appears therefrom that the said application was written on stationery of the court and bears the letter-type of his own typewriter, and that the attorney for the appellant frequently makes use of the court's typewriters.

Act No. 27 of November 27, 1917, provides that the written application, electing the method of a transcript of the evidence prepared by the stenographer, shall be filed within ten days after filing the notice of appeal. According to subdivision 23 of section 102 of the Law of Evidence, it is a satisfactory presumption that a writing is truly dated, and as the said motion or applicaton bears filing date as of May 3, the presumption arises that it was filed on that date, or after the expiration of the time prescribed by law therefor— a presumption which has not been overcome by the affidavit of counsel for the party in interest since, notwithstanding we do not question the attorney's veracity, we think that a more

satisfactory evidence would have been an affidavit of the assistant clerk, Durán, to the effect that the motion had been filed on April 10 and not on May 3, or some other like proof to the same purpose.

Notwithstanding the above, we shall not dismiss this appeal under Rule 58 of this court, because, although the judgment-roll and the transcript of the evidence were not filed in this court within thirty days after the taking of the appeal, these documents were already filed when the motion to dismiss was entered. Despite the fact that, for the reasons above stated, we are unable to consider in this case the evidence introduced in the court below, yet the appeal may be prosecuted with the judgment-roll as a basis, as we have held heretofore on several occasions.

The appellee urges as a further ground of dismissal that the transcript of the evidence is incomplete by reason of the fact that the appellant applied for and obtained an order of the court directing that certain account books and accounts, introduced in evidence, be not copied into the transcript prepared by the stenographer, in order that they could be sent up in their original form to this court. The transcript so prepared has been approved by the court below, which has ordered that the said books and accounts should be transmitted to us as original documents. The appellee maintains, however, that this documentary evidence should have been copied into the said transcript, because it needs the books for its own use and in order to introduce them as evidence in another suit now pending, and because in the event of an appeal to the United States Circuit Court of Appeals at Boston the said documents could not be incorporated in the transcript for such appeal. The appellant counters by saying that the contents of those documents is not necessary to support its appeal, and that it will be agreeable to it that they be delivered to the appellee, if the latter needs them for use in another suit.

Act No. 81 of 1919, amending section 299 of the Code of

Civil Procedure, provides, with reference to the preparation of the statement of the case or bill of exceptions on appeal, that whenever it becomes necessary for a correct understanding and decision of the matter that any map, original document, or exhibit of any sort, which can not be reproduced by copy, photograph, or otherwise, be submitted for examination and inspection by the Supreme Court, a description thereof shall be made, and the clerk of the court *a quo,* after au- thenticating said map, original document, or exhibit under his hand and the seal of the court, shall send the same to the secretary of the Supreme Court stating that it has been made a part of the record in the case.

The reason justifying that procedure when a statement of the case or bill of exceptions is used also applies when the stenographer prepares a transcript of the evidence, and hence a similar procedure may be followed in the latter case. Therefore, it was within the power of the lower court to or- der that the said books and accounts be sent up as original documents and not copied into the transcript of the evidence prepared by the stenographer. Whether such documents are unnecessary to maintain the appeal, or whether they can be delivered to the appellee at any time, are questions which we need not decide at this time.

For the foregoing reasons the appeal will not be dis- missed.